■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES SINGFIELD, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of County Court, Clinton County, which dismissed a writ of habeas corpus. Relator was convicted in the Kings County Court on his plea of guilty of the felony of possession of narcotics with intent to sell. He challenges that conviction by writ of habeas corpus in Clinton County where he is serving a prison sentence under the judgment of conviction. The writ was properly dismissed. The Kings County Court had jurisdiction of the offense; the indictment sufficiently alleges the crime; relator was represented by counsel and pleaded guilty. On this proceeding he alleges that counsel did not competently represent him; that his constitutional rights were violated by an unlawful search and seizure of the narcotics at the time of his arrest; and that he was not advised of his rights to counsel on the preliminary hearing before a magistrate. These issues are not examined by the writ of habeas corpus. To the extent that any of them may require determination, they should be addressed directly to the sentencing court. Order affirmed. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of JOSEPHINE COPPOLINO, on Behalf of Herself and Minor Children, Respondent, against AMERICAN STEVEDORES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appellants appeal from a decision and award of the Workmen's Compensation Board, dated March 29, 1957, contending there was no accidental injury and consequently that his death was in no way related to his employment. On February 23, 1956, decedent was employed as a longshoreman by the employer appellant working at the pier of the Brooklyn Army Base. He worked with three other employees unloading a Navy truck. His cargo consisted of bags of flour, sugar and heavy boxes of canned goods. It was testified that the usual practice was to have rollers which make the unloading faster and easier but on the day in question none was available. The work was finished about 11:30 A.M. and about 11:50 A.M. decedent complained of feeling ill and pain in his chest. He had lunch with his brother, an employee, and about one o'clock in the afternoon he had a further attack. After a preliminary examination he was taken to the hospital where he remained until his death on March 9, 1956. The decedent had considered himself in excellent health. The medical testimony on behalf of the claimant revealed that on admittance to the hospital on the date of the accident, his condition was diagnosed as myocardial infarction. The anteroseptal wall of the left ventricle was involved with a suggestion of extension to the lateral wall. The medical testimony also disclosed that claimant was suffering from a diabetic condition of which he had no knowledge. The decedent was 29 years of age. Prior to his decease the claimant signed and filed a claim for compensation. While there was a dispute as to the medical testimony and as to causal relationship, it presented a question of fact which has been resolved in favor of the claimant. There was also testimony that as a result of the lack of rollers, the work was quite a job (carrying piece by piece the cargo to the open end of the truck) and was sufficient to sustain the board's finding of unusual strain and exertion. The record discloses substantial testimony to sustain the board's finding. (*Matter of Mathiez* v. *Meyer*, 6 A D 2d 741.) Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.